UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 07-161-DCR |
| ) | |
| V. ) | |
| ) | |
| RONALD KEITH MARTIN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |
| ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Defendant Ronald Martin is currently serving a term of imprisonment of 182 months and 20 days following his conviction for possession with intent to distribute cocaine.[1] [Record No. 23]  On July 28, 2015, Martin moved the Court for a two-level reduction to his earlier guideline calculation under recent amendments to the United States Sentencing Guidelines.[2]  [Record No. 30]  Martin's motion will be denied because he was sentenced as a Career Offender.  As a result, his guideline range is unaffected by the amendments.

Martin was charged in a two-count Indictment as a result of his possession of cocaine. [Record No. 1]  Pursuant to a plea agreement with the United States, he admitted the following facts:

---

1   Martin was originally sentenced to a term of imprisonment of 188 months by Judge Karl S. Forester.  [Record No. 20]  The judgment was later amended on January 30, 2009, under Rule 36 of the Federal Rules of Criminal Procedure.  [Record No. 23]

2   The Court previously considered and denied the defendant's request for the appointment of counsel and noted that a hearing is not necessary in proceedings filed under 18 U.S.C. § 3582(c)(2). [Record No. 29]

(a) On or about July 27, 2007, a traffic stop was conducted on a black BMW south of Richmond, Kentucky in Madison County within the Eastern District of Kentucky (EDKY). The Defendant was the driver of the vehicle with another individual in the front passenger seat. The vehicle was not registered to the Defendant. The Defendant granted a consent to search the vehicle. Located under the driver's seat was a semi-automatic pistol and a white bag which contained approximately 4-5 ounces of suspected cocaine. In a brown bag under the passenger seat was $7,019 in United States currency.

(b) The Defendant later stated that the vehicle belonged to a friend and that he knew the cocaine was in the car but he had no knowledge of the pistol. The Defendant admitted that he was the owner of the cocaine. The Defendant stated that the front passenger had nothing to do with the cocaine and was not aware that the cocaine was in the car.

(c) The passenger stated that the Defendant borrowed the car from another individual and that the Defendant had gotten into the car with a brown bag of which she did not know the contents.

(d) The suspected cocaine tested positive at the Kentucky State Police Lab for 168.51 grams of cocaine. That amount is consistent with distribution as opposed to personal use. The amount of cash is consistent with previous distribution or substitute assets from the distribution of cocaine.

[Record No. 16, p. 2]  On December 21, 2007, the defendant pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). [Record No. 15]

Martin is no stranger to the criminal justice system and has not been deterred by his numerous terms of imprisonment. In fact, he is considered a Career Offender under the Sentencing Guidelines. The Career Offender provisions provide:

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

> (b) Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

U.S.S.G. § 4B1.1. Based on the foregoing, Martin's Total Offense Level under U.S.S.G. § 4B1.1 was 31 and his Criminal History Category was VI, regardless of the original levels.

Title 18 U.S.C. § 3582(c) prohibits the Court from modifying a term of imprisonment once it has been imposed except under very limited circumstances, none of which are applicable to Martin's case. Section 3582(c)(2) only gives the Court authority to reduce a sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as long as the reduction is consistent with the applicable policy statements issued by the Commission. The recent amendments reduce the base offense level within the drug quantity table found in U.S.S.G. § 2D1.1(c).

However, Martin was sentenced as a Career Offender under U.S.S.G. § 4B1.1. His guideline range was not based on the drug quantity table and, therefore, the recent amendments do not apply to his sentence. *See, e.g.*, *United States v. Wherry*, 518 F. App'x 434, 437–38 (6th Cir. 2013) (rejecting the argument that Amendment 750 applies to career offenders). Thus, his non-binding guideline range remains unchanged and 18 U.S.C. § 3582(c) is inapplicable.

Furthermore, even if Martin were eligible for a reduction, it would not be warranted in light of the sentencing goals of 18 U.S.C. § 3553(a). Accordingly, it is hereby

**ORDERED** that Defendant Ronald Keith Martin's motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) [Record No. 30] is **DENIED**.

This 28th day of July, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge